Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANTHONY MOSLEY**, | Case No. 3:23-cv-01948 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **OREGON HEALTH & SCIENCE UNIVERSITY, an Oregon Public Corporation** | (42 U.S.C. § 1981; ORS 659A.030, ORS 659A.199) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, and attorney fees for himself to redress injuries done to him by Defendant, and/or officers,

Page 1 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

employees, or agents of said Defendant in contravention of his federally protected rights in violation of 42 U.S.C. § 1981 and his state protected rights in violation of Oregon anti-discrimination and anti-retaliation laws, ORS 659A.030 and ORS 659A.199.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant Oregon Health & Science University (hereinafter "Defendant" or "OHSU") was and is at all material times herein a public teaching and educational hospital, which primarily operates in Multnomah County, Oregon.

5.

Plaintiff is and was a resident of Portland, Oregon at all material times herein.

6.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors, and management.

///
///

Page 2 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

7.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination and/or for reporting violations of law, rule, or regulation.

8.

Plaintiff is a Black, African American male.

9.

Defendant hired Plaintiff in or about November 2017 as a Patient Administrative Services ("PAS") Representative Technician at the Richmond Clinic in Portland, Oregon.

10.

During Plaintiff's employment with Defendant, Plaintiff was subjected to severe and/or pervasive discriminatory comments and actions based on his race by coworkers, managers, and patients. The incidents include but are not limited to the following:

    A.    Plaintiff overheard a coworker state to other coworkers, "oh Anthony is such a 'nigger' sometimes" or words to that effect.

    B.    Plaintiff witnessed that someone had written the racial epithets, "niggers" and "go back to Africa" on the front bathroom wall. Plaintiff reported the graffiti and, although it was painted over the following day, no investigation was conducted at that time. Defendant instructed Plaintiff to not talk about it.

    C.    Racial epithets have been written on the bathroom walls on at least three occasions.

    D.    Racial epithets have been written on the outside of the building.

    E.    Somebody shot out a "Black Lives Matter" poster with ball bearings. In response, Defendant took down all the "Black Lives Matter" posters.

Page 3 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

F. Patients at the Richmond Clinic have called Plaintiff a "nigger" and have made comments about the darkness of Plaintiff's skin. Patients' use of racial epithets toward staff was common at the Richmond Clinic.

G. Although performing security is not part of Plaintiff's job, Plaintiff's supervisors have asked Plaintiff to assist with security duties on at least ten occasions. Plaintiff understands that he is asked to perform security duties due to racial stereotypes. Specifically, he was asked because Defendant thinks that Plaintiff is intimidating because he is big and Black. While performing the security duties, Plaintiff has been punched and spit on. Plaintiff asked to be compensated for performing these duties, which Defendant declined.

H. Managers have complained to Plaintiff about how he presents himself to the public. Plaintiff asked his managers, "why, am I behaving too Black?" or words to that effect.

I. Plaintiff was required to work in the office during COVID-19 while other employees were allowed to work from home.

J. Plaintiff was not allowed to work at the front desk.

K. Plaintiff was micromanaged and hyper scrutinized by management.

L. Plaintiff has been yelled at and told not to speak during meetings while his Caucasian coworkers were allowed to speak freely during meetings. PAS supervisor Karen Aiello has yelled at and/or spoken over Plaintiff during meetings on numerous occasions.

M. Plaintiff's coworkers were allowed to speak in a disrespectful manner toward Plaintiff without facing repercussion. Conversely, if Plaintiff responded in kind, he would be counseled, coached, and/or disciplined.

N. After Plaintiff had complained to Defendant about racial discrimination, he asked Ms. Aiello whether she had learned from the experience. Ms. Aiello responded that she had read the Urban Dictionary. Plaintiff asked Ms.

Page 4 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

Aiello how the Urban Dictionary is relevant to Black people, and Ms. Aiello became offended.

O. Ms. Aiello would make comments including but not limited to "my husband is ethnic" or words to that effect as if to justify inappropriate racial remarks or conduct.

P. Plaintiff's alleged performance issues were made known to his coworkers while his Caucasian coworkers' performance issues were kept confidential.

Q. Plaintiff was required to provide a daily report detailing the work Plaintiff completed on an hourly basis to his supervisor, Stephanie Wiebusch. He was also required to report to Ms. Wiebusch whenever he was going to use the restroom or take a break. When Ms. Wiebusch believed Plaintiff took too long in the restroom, she would subject Plaintiff to questioning. To Plaintiff's knowledge, none of his Caucasian coworkers were treated similarly.

R. Ms. Wiebusch instructed Plaintiff's coworkers to observe and take notes on Plaintiff's conduct, then report back to Ms. Wiebusch.

S. One of Plaintiff's coworkers told Plaintiff that he overheard a conversation between two or three coworkers discussing Plaintiff, during which one coworker stated that Plaintiff is "big, Black, and scary" or words to that effect.

11.

Plaintiff reported to his supervisors, Brandon Sabetti and Ms. Wiebusch, that he overheard a coworker state, "oh, Anthony is such a 'nigger' sometimes." Mr. Sabetti responded that "it would be hard to prove" or words to that effect. Mr. Sabetti told Plaintiff that he would get back to Plaintiff regarding his allegations, but never did. Mr. Sabetti did not report Plaintiff's complaint to HR.

12.

Defendant disciplined Plaintiff on various occasions, including but not limited to on or about June 2, 2020, allegedly for not making enough phone calls.

Page 5 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

13.

Plaintiff reported race discrimination to OHSU's human resources department ("HR"). OHSU hired an outside investigator, who, in or about March of 2021 concluded that Plaintiff's complaints could not be substantiated. The investigator's report was leaked publicly, which caused Plaintiff stress and negatively affected Plaintiff's work environment.

14.

Plaintiff was required to attend a meeting with the Union, OHSU management, and HR. During the meeting, certain individuals refused to pay attention to Plaintiff when he spoke, put the call on hold, and/or played loud music to drown Plaintiff's voice out. HR failed to address this incident.

15.

Plaintiff complained on several occasions to OHSU's management that he was experiencing discrimination and a hostile work environment. When he would raise these issues during meetings, other employees including managers would speak over Plaintiff. Similarly, when Plaintiff would try to speak, his coworkers would roll their eyes, or tell Plaintiff to "shut up" or "stop talking" or words to that effect. Defendant failed to take prompt remedial action. The hostile work environment continued despite Plaintiff's continuing complaints.

16.

Plaintiff complained to his Union that he felt he was being discriminated against by Defendant on the basis of his race.

17.

At all material times herein, to the extend Defendant had or has any policies or procedures in place to protect employees facing discrimination from the public, those polies and procedures were inadequate and/or failed to be implemented.

///

///

Page 6 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

18.

Plaintiff has been denied promotional opportunities for which he has applied.

19.

Plaintiff timely served tort claim notices on Defendant pursuant to ORS 30.275. In response to Plaintiff's tort claim notices, Defendant treated Plaintiff with as much or with more hostility than before.

20.

The treatment Plaintiff endured has and continues to adversely affect Plaintiff's work performance and his mental health. Plaintiff is still required to work with Ms. Aiello, who often avoids Plaintiff.

21.

Plaintiff filed a Complaint with the Oregon Bureau of Labor and Industries ("BOLI"). The Complaint was dually filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). BOLI found substantial evidence of unlawful employment practices of discrimination and hostile work environment under ORS 659A.030. This Complaint has been filed within the agencies' prescribed deadlines.

## First Claim for Relief
### 42 U.S.C. § 1981 – Discrimination

22.

Plaintiff realleges paragraphs 1 through 21 above as fully set forth herein.

23.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to disciplining Plaintiff, micromanaging Plaintiff, failing to promote Plaintiff, subjecting him to a hostile work environment, and/or subjecting Plaintiff to differential treatment on the basis of his race in violation of 42 U.S.C. § 1981.

///

Page 7 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

24.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

25.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

26.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

27.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## Second Claim for Relief

### ORS 659A.030 – Discrimination

28.

Plaintiff realleges paragraphs 1 through 27 above as fully set forth herein.

29.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to disciplining Plaintiff, micromanaging Plaintiff, failing to promote Plaintiff, subjecting him to a hostile work environment,

Page 8 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

and/or subjecting Plaintiff to differential treatment on the basis of his race in violation of ORS 659A.030.

30.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

31.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, emotional pain, depression, anxiety, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

32.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

33.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

### Third Claim for Relief

### 42 U.S.C. § 1981 – Hostile Work Environment

34.

Plaintiff realleges paragraphs 1 through 35 above as fully set forth herein.

35.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of

Page 9 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

36.

Plaintiff realleges his damages as stated in paragraphs 24 through 27 above.

### Fourth Claim for Relief

### ORS 659A.030 – Hostile Work Environment

37.

Plaintiff realleges paragraphs 1 through 38 above as fully set forth herein.

38.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

39.

Plaintiff realleges his damages as stated in paragraphs 30 through 33 above.

### Fifth Claim for Relief

### 42 U.S.C. § 1981 – Retaliation

40.

Plaintiff realleges paragraphs 1 through 41 above as fully set forth herein.

41.

Defendant discriminated against Plaintiff in the terms and conditions of his employment because of Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated 42 U.S.C. § 1981.

42.

Plaintiff realleges his damages as stated in paragraphs 24 through 27 above.

///

///

Page 10 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

### Sixth Claim for Relief

### ORS 659A.030 – Retaliation

43.

Plaintiff realleges paragraphs 1 through 44 above as fully set forth herein.

44.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated ORS 659A.030.

45.

Plaintiff realleges his damages as stated in paragraphs 30 through 33 above.

### Seventh Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

46.

Plaintiff realleges paragraphs 1 through 47 above as fully set forth herein.

47.

Defendant retaliated against Plaintiff in the terms and conditions of his employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

48.

Plaintiff realleges his damages as stated in paragraphs 30 through 33 above.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination, or from retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;

Page 11 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

4. Prejudgment and post judgment interest as appropriate and allowed by law;

5. Reasonable costs and attorney fees; and

6. For such other and further relief as the Court may deem just and equitable.

DATED this 22nd day of December, 2023.

          BAKER LAW PC

          *s/ Serena L. Liss*
          Aaron W. Baker, OSB No. 922220
          Serena L. Liss, OSB No. 154799
          Attorneys for Plaintiff

Page 12 – COMPLAINT

BAKER LAW PC
1000 SW BROADWAY ST.
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800